IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ANDREW A. WRIGHT,

    Plaintiff,

    v.

FANNIE MAE, *et al.*,

    Defendants.

CIVIL NO.: WDQ-12-3713

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Andrew A. Wright sued Federal National Mortgage Association ("Fannie Mae") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "the Defendants") in the Circuit Court for Baltimore City, Maryland, to quiet title and for related injunctive relief declaring a Deed of Trust null and void. On December 19, 2012, the Defendants removed the action to this Court. Pending are Wright's motion to remand and the Defendants' motion to dismiss the complaint. For the following reasons, Wright's motion will be denied, and the Defendants' motion will be granted.

I.  Background[1]

On June 10, 2005, Andrew A. Wright purchased the property at 9116 Summer Park Drive, Parkville, Maryland ("the Property"), from Benjamin L. Barnett for $269,900.00. ECF No. 2, Ex. A. On June 10, 2005, Wright also signed a Note and Deed of Trust for $269,900.00.[2] ECF No. 1, Ex. C ¶ 3. The Note was secured by the Deed of Trust on the Property. *Id.* The current noteholder and beneficiary of the Deed of Trust is Fannie Mae.[3] *See* ECF No. 1, Ex. C ¶ 3; ECF No. 2, Ex. B ¶ 4. Green Tree Servicing, LLC services the account on behalf of Fannie Mae. *See* ECF No. 2, Ex. B ¶ 4. The current balance due and owing on the Note and Deed of Trust is $237,229.76. ECF No. 1, Ex. C ¶ 3.

On November 7, 2012, Wright sued the Defendants in the Circuit Court for Baltimore City, Maryland. ECF No. 2. On December 19, 2012, the Defendants removed the action to this

---

[1] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[2] Kellye T. Wright also purchased the Property and signed the Note, however she is not a party to this action. ECF No. 1, Ex. C ¶ 3.

[3] Although it is unclear from the pleadings, MERS may have previously been the holder and beneficiary of the Note. *See* ECF No. 2 at 4. The original lender appears to be American Brokers Conduit. ECF No. 2 at 7 ¶ 5.

Court. ECF No. 1. On December 20, 2012, the Defendants moved to dismiss. ECF No. 8. On January 4, 2013, Wright moved to remand. ECF No. 9. On January 18, 2013, the Defendants responded. ECF No. 11. On February 5, 2013, Wright replied. ECF No. 12.

II. Analysis

    A. Legal Standard

        1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

    2.   Removal

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The district courts have original jurisdiction of, *inter alia*, "all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

4

To remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading, or within 30 days after the defendant receives a copy of a paper from which it is first evident that the case is removable. 28 U.S.C. § 1446(a)-(b). All defendants must join in or consent to the removal. *Id.* § 1446(b)(2)(A). The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.* (internal quotation marks omitted).

B. Wright's Motion to Remand

Wright asserts that this case should be remanded to the Circuit Court for Baltimore City, Maryland because the Defendants failed to file a disclosure statement, and there is no basis for subject matter jurisdiction in federal district court. ECF No. 9 at 3-4. The Defendants contend that the removal is proper and the basis for diversity jurisdiction is present. ECF No. 11 at 2.

The Defendants timely filed the Notice of Removal under 28 U.S.C. § 1444(b) by filing within 30 days of their receipt of

5

the initial pleadings.[4] On December 20, 2012, the Defendants also timely filed a disclosure statement under D. Md. Local Rules § 103.3 within seven days after filing a Notice of Removal. ECF No. 6; see D. Md. Local Rules § 103.5(c).

Diversity jurisdiction requires complete diversity and an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a)(1). Here, Wright is a citizen of Maryland. ECF No. 2 at 3 ¶ 1. Fannie Mae's principal place of business is in Washington, D.C. ECF No. 1, Ex. B. MERS principal place of business is in Virginia. Id. Accordingly, there is complete diversity between Wright and the Defendants.

Wright argues that diversity jurisdiction is not proper because he did not plead a damages amount in the complaint to quiet title. ECF No. 9 at 4. In the Fourth Circuit, the test for determining the amount in controversy in a diversity proceeding is "the pecuniary result to either party which a judgment would produce."[5] In actions for injunctive relief, "the amount in controversy is measured by the value of the object of

---

[4] On November 29, 2012, MERS was served with the Complaint and Summons. ECF No. 1, Ex. B. On December 3, 2012, Fannie Mae was also served. Id. The Defendants filed Notice of Removal on December 19, 2012, within the 30 day window. ECF No. 1; see 28 U.S.C. § 1444(b).

[5] Dixon v. Edwards, 290 F.3d 699, 711 (citing Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)) (internal quotation marks omitted).

6

the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). If the complaint does not allege a damages amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the threshold for diversity jurisdiction.[6]

Wright seeks equitable relief to quiet title to the Property and injunctive relief declaring the Deed of Trust null and void. ECF No. 2 at 8. Thus, the Deed of Trust is the object of the litigation for purposes of determining the amount in controversy.[7] In the Notice of Removal, the Defendants provided an affidavit from Green Tree, the servicer of Wright's loan, affirming that Wright signed a Note secured by the Deed of Trust on the Property in the original amount of $269,900.00, and the current balance due and owing on the Note is $237,229.76. ECF No. 1, Ex. C ¶ 3. Accordingly, the amount in controversy exceeds $75,000. Because this Court has diversity jurisdiction, Wright's motion to remand will be denied.

---

[6] *See Francis v. Allstate Ins., Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (*citing De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (internal quotation marks omitted).

[7] *See Void v. One West Bank*, No. DKC 11-0838, 2012 WL 113443, at *1 (D. Md. Jan. 12, 2012) (balance owed on underlying promissory note considered object of litigation in determining amount in controversy where plaintiff sought declaratory judgment that deed of trust and note were void).

C. The Defendants' Motion to Dismiss

Because Wright is *pro se*, his complaint is liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction of a *pro se* complaint does not allow a court to "ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in a federal district court." *Surdak v. Ozmint*, No. 09-3287-HFF-PJG, 2010 WL 4595707, at *1 (D.S.C. Sept. 16, 2010) (*citing Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990)). "Only those questions which are squarely presented to a court may properly be addressed." *Weller*, 901 F.2d at 391.

Although the complaint is unclear, Wright appears to assert a claim to quiet title on the Property and a related claim for injunctive relief to declare the Deed of Trust null and void. ECF No. 2 at 2, 5, 8.[8] The Defendants argue that Wright has failed to state a claim to quiet title, under Md. Code Ann., Real Prop. § 14-108, because the complaint fails to allege actual or constructive possession. ECF No. 8 at 3-4.

Under Md. Code Ann., Real Prop. § 14-108(a), a person in "actual peaceable possession of property" may sue to quiet title when "his title to the property is denied or disputed, or when

---

[8] The complaint also seems to include allegations against American Broker Conduit as the "original lender." ECF No. 2 at 6 ¶ 4. American Broker Conduit is not a party to this case. To the extent that these allegations are directed at the Defendants, they similarly fail to state a claim.

any other person claims ... to own the property ... or to hold any lien encumbrance on it." The plaintiff in a quiet title action "seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought, either because the lien was invalidly created, or has become invalid or has been satisfied." *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982). To state a successful quiet title claim, the plaintiff has the burden of establishing both possession and legal title. *See Porter v. Schaffer*, 728 A.2d 755, 766-67 (Md. Ct. Spec. App. 1999). Possession may be shown by actual or constructive possession. *See Washington Mut. Bank v. Homan*, 974 A.2d 376, 405 (Md. Ct. Spec. App. 2009).

Here, Wright fails to allege facts showing that he has actual or constructive possession of the Property. Wright establishes that he has legal title by attaching the deed to the Property in his name. *See* ECF No. 2, Ex. A. However, the complaint does not allege that Wright is in possession of the Property. Because a plaintiff cannot maintain a quiet title action without alleging possession, Wright's quiet title claim and related claim for injunctive relief must be dismissed.[9]

---

[9] *See Sharma v. OneWest Bank, FSB*, No. DKC 11-0834, 2011 WL 5167762, at *2 (D. Md. Oct. 28, 2011) (plaintiff failed to state a claim to quiet title because failed to allege facts establishing possession of property); *Barnes v. Webster*, 154

III. Conclusion

For the reasons stated above, Wright's motion to remand will be denied. The Defendants' motion to dismiss will be granted.

_____9/13/13_____  
Date

_____/s/_____  
William D. Quarles, Jr.  
United States District Judge

---

A.2d 918, 920 (Md. 1959) ("[T]he cases make it clear that a complaint must allege possession.").